UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GAIL PALMORE-ARCHER,

                    Plaintiff,

            - against -

VANDERBILT MORTGAGE AND
FINANCE, INC., and HON. ROBERT J.
McDONALD,

                    Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
17-CV-1069 (PKC)

PAMELA K. CHEN, United States District Judge:

On February 24, 2017, *pro se* plaintiff Gail Palmore-Archer filed this civil action[1] against a State court judge and the finance company that purchased her property in a foreclosure sale. For the reasons that follow, the Court *sua sponte* dismisses the Complaint.[2]

## BACKGROUND

**I. The Complaint**

The following facts are taken from State court documents attached to the Complaint and are assumed to be true for purposes of this Order. On August 20, 2007, Plaintiff took out a mortgage with First Franklin on real property located at 164-27 108th Avenue in Jamaica, New York (the "Jamaica Property"). (Compl., Exhibit, New York Supreme Court, Queens County,

---

[1] Plaintiff paid the filing fee to initiate this action.

[2] Although Defendant Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") filed a request for a premotion conference, in connection with a proposed motion to dismiss, on April 12, 2017 (Dkt. 4), no conference has been held and no motion has yet been filed. With the filing of this order, Vanderbilt's request is being denied as moot.

Order dated November 18, 2016, at ECF 20.)[3]  She failed to make monthly payments on the note, beginning on April 1, 2008.  (*Id*.)  A foreclosure action was commenced, and a judgment of foreclosure and sale was entered on July 3, 2014.  (*Id.*)  The property was sold on October 10, 2014, to Vanderbilt.  (*Id.*)  Plaintiff has continued to reside in the property and has filed multiple unsuccessful motions to vacate the judgment of foreclosure.  (*Id.* at ECF 21.)  On June 13, 2016, Plaintiff filed an action in New York Supreme Court, Queens County, naming Vanderbilt as the sole defendant and alleging that Vanderbilt engaged in predatory lending.  (*See id.* at ECF 21.)  On November 18, 2016, the presiding State court judge, Defendant Justice Robert J. McDonald, issued an order dismissing the complaint under the doctrine of *res judicata*.  (*Id.* at ECF 22–24.)  On October 31, 2016, Plaintiff commenced a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York.  (Compl., Exhibit, New York Supreme Court Order dated December 12, 2016, at ECF 19; *see also* Compl. Exhibit, Notice of Bankruptcy Case Filing dated January 3, 2017, at ECF 17.)  In light of that filing and the automatic stay imposed by the federal bankruptcy statute, Justice McDonald vacated his November 18, 2016 order.  (Compl. at ECF 19.)

Thereafter, Plaintiff filed the instant Complaint naming as defendants Vanderbilt and Justice McDonald. She alleges that the foreclosure proceeding was illegal, because she had not been given adequate notice of the acceleration of the loan and, moreover, "she paid off the loan and[/]or satisfied the balance due." (Compl. at ¶ 8.)  She acknowledges that she was issued two notices of acceleration, but claims that "neither notice was constitutionally informative." (Compl. at ¶ 22.)  Plaintiff further alleges that "defendant and its associates, agents, attorneys and known or unknown partners" allowed her personal belongings, valued at $150,000, to be

---

[3] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

discarded. (Compl. at ¶ 34.) For relief, plaintiff seeks "full access of said property," discharge of the loan, disclosure and review of information related to the mortgage and foreclosure proceedings, and $150,000 each in compensatory and punitive damages. (Compl. at ECF 12–15.)

## STANDARD OF REVIEW

To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. (citation and internal quotations and alterations omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing Plaintiff's Complaint, the Court is mindful that she is proceeding *pro se* and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). If a liberal reading of the Complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d

Cir. 2000) (per curiam); *see also Mallard v. United States District Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). Moreover, Federal Rules of Civil Procedure 12(h)(3) states, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## DISCUSSION

In an individual civil action, federal subject matter jurisdiction is available when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). Plaintiff alleges both diversity jurisdiction and federal question jurisdiction, but as explained below, this Court lacks subject matter jurisdiction.

### A. The Court Lacks Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. Under this doctrine, federal district and circuit courts lack subject matter jurisdiction over cases that are essentially appeals from State court judgments. *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 84 (2d Cir. 2005). The doctrine applies where a four-prong test is satisfied: (1) the federal court plaintiff lost in State court; (2) the plaintiff complains of injuries caused by a State court judgment; (3) the plaintiff invites district court review and rejection of that judgment; and (4) the

State court judgment was rendered before the district court proceedings commenced. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009). Here, all four requirements are met to apply the *Rooker–Feldman* doctrine: (1) Plaintiff lost in the State court foreclosure action when a Judgment of Foreclosure and Sale was entered on July 3, 2014 (*see* Compl. at ECF 20); (2) Plaintiff is complaining of the loss of ownership of the Jamaica Property caused by the judgment rendered by the State court in the foreclosure action; (3) Plaintiff in no uncertain terms asks this Court to review a final decision of a State court's judgment of foreclosure (Compl. at ECF 12 (requesting that the Court allow Plaintiff to "recover against the [Jamaica Property]", discharge Plaintiff from any loan obligations, "voiding any and all indica [sic] of ownership or the transfer of such ownership" of the Jamaica Property)); and (4) the State court's final decision was entered on July 3, 2014, (Compl. at ECF 20) before Plaintiff commenced this action on February 24, 2017.

### B. Plaintiff's Claims Against Judge McDonald Are Frivolous

As previously noted, the Court may dismiss a frivolous complaint *sua sponte* even when a plaintiff has paid the filing fee. *See Fitzgerald*, 221 F.3d at 363. "An action is frivolous 'where it lacks an arguable basis either in law or in fact.'" *Weissbrod v. Gonzalez*, 576 F. Appx. 18, 19 (2d Cir. 2014) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit." *Bliven v. Hunt*, 418 F. Supp. 2d 135, 137 (E.D.N.Y. 2005) (citation and quotation marks omitted).

The claims against Judge McDonald are frivolous because he is entitled to judicial immunity. It is well-settled that judges have absolute immunity from being sued. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity

5

because the action he took was in error . . . or was in excess of his authority." *Id* at 11, 13 (citation and quotations marks omitted). Because the alleged wrongdoings of Judge McDonald were acts performed in his judicial capacity, absolute immunity applies. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (citation omitted)).

## CONCLUSION

Although Plaintiff paid the filing fee to commence this action, for the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). This action is also dismissed because the claims against Defendant Justice McDonald are frivolous. The Clerk of Court shall close this case and enter judgment. Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 13, 2017
      Brooklyn, New York